IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOAN S.,

    **Plaintiff,**

v.                                                     CIVIL ACTION NO. 2:21-cv-517

COMMISSIONER OF
SOCIAL SECURITY,

    **Defendant.**

## *MEMORANDUM OPINION & ORDER*

This matter comes before the Court on Joan S.'[1] ("Plaintiff") Objections to the Report and Recommendation ("R & R") of the Magistrate Judge dated December 2, 2022. Pl.'s Objs. to R. & R., ECF No. 22 ("Pl.'s Objs."). For the reasons set forth below, the Magistrate Judge's Report and Recommendation is **ADOPTED**, Plaintiff's objections are **OVERRULED**, and the decision of the Administrative Law Judge ("ALJ") is **AFFIRMED**. Accordingly, the Commissioner's Motion for Summary Judgment is **GRANTED**, ECF No. 18, Plaintiff's Motion for Summary Judgment, ECF No. 15, is **DENIED**, and the Final Decision of the Commissioner is **AFFIRMED**.

### I.    FACTUAL AND PROCEDURAL HISTORY

The facts and administrative procedural background are adopted as set forth in the Magistrate Judge's November 18, 2022 R & R. *See* R. & R, ECF No. 23. On September 4, 2018, Plaintiff filed for disability insurance benefits ("DIB"). Admin. R. 120, ECF No. 10 ("R."). Plaintiff alleged disability beginning September 15, 2015, *id.*, based on depression, anxiety,

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

herniated discs, back pain, and severe acid reflex resulting in esophageal scarring. *Id.* at 27-35. The state agency denied her application initially and also on reconsideration. *Id.* at 121-25; 130-38. Plaintiff then requested an administrative hearing. *Id.* at 40-69. The hearing was held on October 28, 2020. *Id.* Counsel represented Plaintiff at the hearing, and a vocational expert ("VE") testified. *Id.* At the hearing, Plaintiff amended her alleged onset date to September 18, 2017. *Id.* at 23, 44.

On November 6, 2020, the ALJ denied Plaintiff's claims for DIB, finding she was not disabled during the period alleged. *Id.* at 22-34. The ALJ found that Plaintiff's list of severe impairments did not meet or equal the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 and determined Plaintiff's Residual Functional Capacity ("RFC"). *Id.* at 12. In finding Plaintiff's RFC, the ALJ evaluated the opinion of Dr. Antonio Quidgley-Nevares, one of Plaintiff's treating providers, and considered his opinion testimony alongside other objective medical evidence. *Id.* at 4-6. Plaintiff consulted with Dr. Quidgley-Nevares for management of her chronic back pain from July 2018 to at least October 2019. R. at 844-50, 1272-79, 1370-77. Dr. Quidgley-Nevares' exams of Plaintiff provided similar or identical findings showing tenderness to palpation, a decreased range of motion, pain, and limited reaching abilities in Plaintiff's shoulders and low back but noted that she had "5/5 muscle strength" in her legs. R. at 846, 1274. Dr. Quidgley-Nevares diagnosed Plaintiff with arthritis of the knee, lumbar, radiculopathy, cervicalgia, lower back pain, and chronic pain syndrome. R. at 1274, 1372. Ultimately, the ALJ determined that Plaintiff retained the RFC to perform light work with certain limitations. R. at 28. Although Plaintiff could not perform her past relevant work as a daycare worker, R. at 32, she could perform both light and sedentary jobs within the national economy, subject to a few limitations. R. & R. at 12 (citing R. at 33).

On February 10, 2021, the Appeals Council denied Plaintiff's request for review. *Id.* at 1. On September 17, 2021, Plaintiff filed her complaint in this Court. Compl., ECF No. 1. Plaintiff seeks judicial review of the Commissioner's final decision that she was not entitled to an award of DIB, claiming that "[t]he conclusions and findings of fact of the Defendant are not supported by substantial evidence and are contrary to law and regulation." *Id.* at ¶ 8. On January 27, 2022, this Court entered an Order referring this action to United States Magistrate Judge Douglas E. Miller ("Magistrate Judge") to conduct hearings, and submit proposed findings of fact, if applicable, and recommendations for the disposition of this matter pursuant to 28 U.S.C. § 636(b)(1)(B). Order, ECF No. 11. On January 28, 2022, Magistrate Judge Miller entered an order directing Plaintiff to file a motion for summary judgment within thirty (30) days from the date of the order, and for Defendant to file a responsive memorandum, a cross-motion for summary judgment if desired, and a statement of his position within thirty (30) days from Plaintiff's filing of a motion for summary judgment. Mag. Order, ECF No. 12. On February 24, 2022, Magistrate Judge Miller entered an Amended Scheduling Order, extending the relevant deadlines. Am. Sched'g Order, ECF No. 14. On March 30, 2022, Plaintiff filed the instant Motion for Summary Judgment. Pl.'s Mot. Summ. J., ECF No. 15; Pl.'s Mem. Supp. Mot. Summ. J., ECF No. 16 ("Pl.'s Mem. Supp."). On April 28, 2022, Defendant filed the instant Motion for Summary Judgment. Def.'s Mot. Summ. J., ECF No. 18; Def.'s Mem. Supp. Mot. Summ. J., ECF No. 19 ("Def.'s Mem. Supp.").

On November 18, 2022, Magistrate Judge Miller filed his Report and Recommendation ("R. & R.") in which he recommended the Commissioner's Motion for Summary Judgment be **GRANTED**, Plaintiff's Motion for Summary Judgment be **DENIED**, and the decision of the Commissioner be **AFFIRMED**. R. & R. at 18. On December 2, 2022, Plaintiff filed the instant

Objections to the R. & R. Pl.'s Objs. On December 14, 2022, Defendant filed a response to Plaintiff's objections. Def.'s Response to Pl.'s Objs. to R. & R., ECF No. 23 ("Def.'s Response"). Accordingly, this matter is now ripe for disposition by the Court.

## II. LEGAL STANDARD

When considering a party's objections to the findings and recommendations of a magistrate judge, a district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. Proc. 72(b)(3); *Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985). Title 28 U.S.C. § 636(b)(1), which provides district judges with the authority to refer such matters, "does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized." *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). However, "a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review" and the Court need only review the Report & Recommendation for "clear error." *Lee v. Saul*, No. 2:18cv214, 2019 WL 3557876, at *1 (E.D. Va. Aug. 5, 2019) (citations omitted); *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) (internal citations omitted).

## III. DISCUSSION

Plaintiff raises two, related objections to the Magistrate Judge's findings on the ALJ's evaluation of Dr. Quidgley-Nevares' opinions. Pl.'s Obj. at 1. First, Plaintiff argues that the Magistrate Judge erred in accepting the ALJ's finding that Dr. Quidgley-Nevares' opinions were "not fully persuasive" because the ALJ's analysis did not consider whether the supportability factor was adequately backed by substantial evidence. Pl.'s Obj. at 1-3. Second, Plaintiff argues that the Magistrate Judge erred in finding that the ALJ properly rejected the part of Dr. Quidley-Navares' opinion that was rendered after Plaintiff's date last insured ('DLI"). *Id.* at 2-6. The

Court finds that these purported errors are unfounded and ultimately offered in an effort to relitigate arguments raised on summary judgment. *Nichols*, 100 F. Supp. 3d at 497. Because Plaintiff fails to properly object to the Magistrate Judge's disposition, the Court review's the Magistrate Judge's findings for clear error rather than *de novo*. Fed. R. Civ. Proc. 72(b)(3); *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008) (reviewing for clear error because "[a]llowing a litigant to obtain *de novo* review of her entire case by merely reformatting an earlier brief as an objection 'mak[es] the initial reference to the magistrate useless'") (quoting *Howard*, 932 F.2d at 509); *accord Lee v. Saul*, No. 2:18-cv214, 2019 WL 3557876, at *1 (E.D. Va. Aug. 5, 2019).

Plaintiff first argues that the Magistrate Judge erred in finding the ALJ's evaluation of Dr. Quidgley-Nevares' opinion to be reasonable. Pl.'s Obj. at 1-3. Plaintiff contends that the ALJ's analysis failed to fully explain how Dr. Quidgley-Nevares' opinion was inconsistent with Plaintiff's medical record, particularly with reference to the supportability factor, as required by 20 C.F.R. § 404.1520c. *Id.* In addition, Plaintiff asserts that the Magistrate Judge utilizes *post-hoc* rationale that are contrary to the ALJ's own findings to cure the ALJ's failure to consider the supportability factor and find that the ALJ's decision was supported by substantial evidence. Therefore, Plaintiff contends that the Magistrate Judge erred in adopting the ALJ's evaluation of Dr. Quidgley-Nevares' opinion without considering whether the ALJ properly articulated his rationale.

These arguments face two critical errors. First, Plaintiff's own pleadings reveal that her objection to the R & R is a veiled "rehashing of the arguments raised in [her] Motion for Summary Judgment." *Nichols*, 100 F. Supp. 3d at 497. Indeed, in objecting, Plaintiff offers a nearly identical, truncated version of the argument she presented on summary judgment by

5

asserting that the ALJ failed to properly evaluate Dr. Quidgley-Nevares' opinion under the supportability factor, as required by regulation. Pl.'s Obj. at 2 ("As Plaintiff previously argued in her Opening Brief, the ALJ failed to evaluate Dr. Quidgley-Nevares' opinion in accordance with the regulations requiring that the ALJ explain how he considered both the supportability and consistency factors." She recycles much of the same language, arguments, and case law. *Compare, e.g.*, Pl.'s Obj. at 2, *with, e.g.*, Pl.'s Mem. Supp. at 16 ("Here, despite rejecting Dr. Quidgley-Nevares' opinion, the ALJ does not seem to make any consideration as to whether the opinion was supported by Dr. Quidgley-Nevares' opinion as required by the Regulations. T 32. Specifically, the ALJ does not make a determination of how persuasive he finds Dr. Quidgley-Nevares' opinion with any reference to the supportability factor."). Second, Plaintiff's reading of the R. & R. fails to account for the other record evidence that the Magistrate Judge reviewed and relied on in adopting the ALJ's evaluation of Dr. Quidgley-Navares' opinion. The Magistrate Judge not only engaged in a thorough analysis of the ALJ's decision but also reviewed Dr. Quidgley-Nevares' contemporaneous treatment records as a whole to determine the ALJ's assessment of the persuasiveness of Dr. Quidgley-Navares' opinion. *See* R. & R. at 14-16.

As a part of this review, the Magistrate Judge properly noted the fact that Dr. Quidgley-Navares' opinion was provided in a check box format and courts in this district have universally recognized this format to be weak evidence absent any corresponding notations to the treating provider's medical records. R. & R. at 14. In other words, the Magistrate Judge did not engage in any post-hoc reasoning to "cure" any defects in the ALJ's analysis, but rather applied the proper legal standard in evaluating the cross-motions for summary judgment. *See Craig*, 76 F.3d at 589. Ultimately, the Court finds that the Magistrate Judge sufficiently and independently reviewed the ALJ's finding that Dr. Quidgley-Nevares' opinion evidence was unpersuasive. The ALJ explains

that Dr. Quidgley-Nevares' opinion was not fully persuasive with sufficient reference to supportability and consistency factors by cross-referencing to other parts of the record. Furthermore, the Magistrate Judge explains that the ALJ's finding is supported by substantial record evidence, given the fact that Dr. Quidgley-Nevares' check box report was unsubstantiated by any objective and contemporaneous medical evidence. R. & R. at 14 ("Because Dr. Quidgley-Nevares' opinion is presented in a check box fashion, the specific limitations he assessed are not attributed to any objective medical record. (R. 1389-90). He has no corresponding notations or citation to his treatment records to support the disability limitations described in the form.') For these reasons, the Court finds that the Magistrate Judge correctly held that the ALJ's rationale complied with regulation and was supported by substantial evidence.

For the reasons stated above, Plaintiff's second objection also fails. Plaintiff argues that the Magistrate Judge erred in finding that the ALJ properly rejected Dr. Quidgley-Nevares opinion based on the fact that it was submitted six-months after Plaintiff's DLI. Pl.'s Obj. at 4. Plaintiff also contends that the ALJ was required to explain how both the supportability and consistency factors rendered the opinion unpersuasive rather than rejecting the opinion for untimeliness. *Id.* However, as the Magistrate Judge previously informed Plaintiff: "This appeal is not an opportunity to relitigate the case." R. & R. at 15. This objection reveals another unfounded rehashing attempt. *Compare* Pl.'s Objs. at 5 ("Lastly, Plaintiff respectfully objects to the Magistrate Judge's finding that the ALJ did not err in his consideration of the consistency factor. Specifically, Plaintiff asserts that the Magistrate Judge's findings are unresponsive to Plaintiff's claims that the ALJ improperly picked and chose through the record to identify selective and isolated findings while ignoring all other evidence of the record that was consistent with more restrictive findings.") (internal citations omitted); *but see* Pl.'s Mem. Supp. at 13

7

("Moreover, the ALJ's analysis of Dr. Quidgley-Nevares' opinion with consideration to the consistency factor is defective where the ALJ picked and chose evidence that only supported his conclusion while ignoring all evidence that was consistent with Dr. Quidgley-Nevares' opinion." Mem. Supp. at 13.). Plaintiff's second objection was reviewed and properly rejected by the Magistrate Judge in addressing her contention that the ALJ failed to fully consider Dr. Quidgley-Nevares' post-DLI evidence in the decision.

Notwithstanding the above, the Court notes that both the ALJ and Magistrate Judge properly rejected Plaintiff's arguments regarding the relevance and weight of her post-DLI evidence after ruling out any linkage with Plaintiff's pre-DLI conditions. Plaintiff asks the Court to find that the Magistrate Judge erred by finding that Bird v. Comm'r of Soc. Sec. Admin. was inapplicable to the ALJ's consideration of post-DLI Dr. Quidgley-Nevares' opinion. 699 F.3d 337 (4th Cir. 2012). In Bird, the Fourth Circuit held that an ALJ should consider retrospective medical evidence that is created after the DLI when that evidence "permits an inference of linkage with the claimant's pre-DLI condition." Id. at 341. The Magistrate Judge notes that Plaintiff correctly explains the holding in Bird before outlining why the Bird case does not impact the ALJ's findings. R. & R. at 16-17. Plaintiff's pre-DLI medical records, direct testimony, and exam findings provided clear and substantial evidence of Plaintiff's conditions during the covered DIB period, in contrast to Dr. Quidgley-Nevares' post-DLI opinion. Therefore, the Magistrate Judge did not err in finding that the ALJ's review of Dr. Quidgley-Nevares opinion was not subject to Bird because there was substantial, and more favorable, evidence in the record of Plaintiff's worsened conditions during the DIB coverage period.

Finally, Plaintiff contends that the Magistrate Judge erred by ignoring Plaintiff's claim that the ALJ cherry-picked selective and isolated findings while disregarding other record

8

evidence that was consistent with Dr. Quidgley-Nevares' restrictive findings. *See* Pl.'s Obj. at 5. Specifically, Plaintiff argues that it is error for the Magistrate Judge to adopt the ALJ's finding that Dr. Quidgley-Nevares' opinion was inconsistent with other record evidence of "noting normal strength, normal gait, and intact sensation," Pl.'s Obj. at 5, without acknowledging other conflicting record evidence of Plaintiff's "soft tissue tenderness, spasm, positive straight leg raise on the left, abnormal gait and stance, the left lower extremity was slightly weaker with horizontal flexion, tenderness of the medial low back and right upper and lower quadrant of the abdomen, decreased active range of motion of the lumbar spine with flexion, and increased pain over the left lumbar spine in the paraspinal region and near the left sacroiliac joint." *Id.* at 6 (citing R. at 32, 609, 834, 837, 841, 852, 856, 860, 861, 863, 864, 866, 870, 874, 875, 878, 882, 886, 890, 1260, 1267, 1341, 1346). The Magistrate Judge correctly explained how the record demonstrates that the ALJ did not engage in "cherry-picking" or abandon his "obligation to consider all relevant medical evidence," *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010).

In short, the Court finds no evidence to support Plaintiff's contention that the Magistrate Judge committed any error. Veney, 539 F. Supp. 2d at 846. The ALJ decisions explains his review of the record evidence and what information aided his determination that Dr. Quidgley-Nevares' opinion of Plaintiff's conditions was unsupported and inconsistent with other pre-DLI treatment records. R. & R. 17-18. Furthermore, the ALJ did consider Dr. Quidgley-Nevares' post-DLI evaluation of Plaintiff's conditions and found that it did not offer any new information about Plaintiff's worsened condition. *Id.* at 16-17. Therefore, the Court finds that the Magistrate Judge did not err in concluding that the ALJ correctly weighed all evidence in the record, in light of both the supportability and consistency factors, before finding Plaintiff's pre-DLI medical treatment and opinion evidence to be more persuasive than Dr. Quidgley-Navares' post-DLI

opinion. In addition, the ALJ did not cherry-pick facts to support his finding while ignoring other conflicting evidence but relied on substantial evidence in the record to support his conclusions. *See Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision.").

## IV.  CONCLUSION

This Court has carefully and independently reviewed the record in this case and the objections to the R. & R. Having done so, the Court finds there is no meritorious reason to sustain Plaintiff's objections, and they are therefore **OVERRULED**. After careful review of the Magistrate Judge's Report and Recommendation, the Court does hereby **ACCEPT** and **ADOPT** the findings and recommendations set forth in the report of the United States Magistrate Judge filed November 18, 2022. Accordingly, the Commissioner's Motion for Summary Judgment is **GRANTED**, Plaintiff's Motion for Summary Judgment is **DENIED**, and the Final Decision of the Commissioner is **AFFIRMED**.

The Court **DIRECTS** the Clerk to provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
March 24, 2023

Raymond A. Jackson
United States District Judge